UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

C. Earl Grant,

Plaintiff,

v.

Gerald S. Golden and National
Board of Medical Examiners,

Defendants,

Civil No. 99-66 (DSD/AJB)

**ORDER ON MOTION TO
COMPEL DISCOVERY
FROM NON-PARTIES**

This matter is before the Court, Magistrate Arthur J. Boylan, on defendants' motion to compel production of documents by the Minnesota Disability Law Center and compelling the depositions of Roderick Macpherson III, Esq., and Pamela Hoopes, Esq. [Docket No. 66]. Plaintiff Grant was represented by the Minnesota Disability Law Center in regard to previous litigation. Mr. Macpherson and Ms. Hoopes are attorneys with the law center who were involved in the prior litigation. Hearing on the motion was held on July 6, 2000, at the U.S. Courthouse, 316 No. Robert Street., St. Paul, Minnesota. Janie S. Mayeron, Esq., appeared on behalf of the defendants. David L. Hashmall, Esq., appeared on behalf of the Minnesota Disability Law Center, Mr. MacPherson, and Ms. Hoopes. Plaintiff C. Earl Grant did not appear at the hearing and was not represented by counsel.

Based upon the file, memorandums, affidavits, and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to compel discovery is **granted in part and denied in**

1

FILED  JUL 2 4 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

**part** [Docket No. 66].

2. Defendants' motion to compel production of documents is granted to the extent such documents do not represent opinion work product of the attorneys representing plaintiff. Materials representing work product shall be listed and described in a privilege log which shall be disclosed to the defendants and shall be distinguished therein as either opinion or ordinary work product.

3. Defendants' motion to compel the depositions of attorneys MacPherson and Hoopes is granted. Defendants shall compensate the attorney witnesses at the rate of $235.00 per hour for time spent in actual deposition questioning, pursuant to defendants' prior agreement. Defendants are not required to compensate witnesses for time spent preparing for their depositions.

Dated: 7/24/00

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

Defendants in this matter move the Court for an order compelling production of documents pursuant to subpoena served upon respondents to this motion on March 14, 2000. Defendants further move the Court to overrule objections to the depositions of attorneys MacPherson and Hoope. Respondents oppose the discovery, asserting that attorney-client privilege and the work-product doctrine protects their communications with plaintiff from the

2

document production and disclosure by deposition. Defendants advise the Court that plaintiff was properly served the motion, along with related documents, and did not respond in any manner for purposes of presenting opposition to discovery from the Minnesota Disability Law Center. The respondents to this motion are essentially opposing the discovery on plaintiff's behalf but are not presenting argument upon his instruction or request.

The Minnesota Disability Law Center and its attorneys represented plaintiff Grant in a previous matter which was resolved by settlement and dismissed with prejudice on July 9, 1998. Plaintiff has placed matters relating to that settlement into issue as a consequence of certain allegations in the present case relating to advise of counsel. Defendants assert that plaintiff has thereby waived the attorney–client privilege. Respondents contend that the claims do not constitute a broad waiver of privilege, the discovery demands are unduly burdensome, and defendants should first be required to take plaintiff's deposition in order to establish the scope of any waivers prior to taking the respondent attorneys' depositions or requiring document production.

The respondent's standing to assert initial opposition to the subpoenas in this matter is not contested by defendants' counsel. However, whether to waive or to assert the protections afforded by privilege is ultimately a determination to be made by the client. The plaintiff's failure to challenge the proposed discovery in this instance is significant and controlling, particularly in light of the possible relevance of the representation and material at issue to a controversy raised by the client relating to advice of counsel. <u>United States v. Workman</u>, 138 F.3d 1261, 1264 (8th Cir. 1998), see also <u>Baker v. General Motors Corporation</u>, 209 F.3d 1051 (8th Cir. 2000). In addition, documents representing communications between

3

counsel and third parties are not protected material and should be disclosed.

With respect to work-product the Court is at a decided disadvantage is determining whether material should be discoverable without reference to particular documents or interrogatories. Ordinary work-product is typically not discoverable unless the discovering party shows substantial need for the materials and inability to obtain the materials elsewhere. Baker v. General Motors, 209 F.3d at 1054. Opinion work-product may be discovered only in rare and extraordinary circumstances and is otherwise immune from discovery. Id. The Court is not persuaded that allegations in this case warrant discovery of opinion work-product and the Court finds that defendants have not yet shown an inability to obtain particular raw factual information, comparable to ordinary work-product materials, from other sources.

Finally, the attorney respondents insist that their depositions are being sought prematurely and should await the plaintiff's deposition and development of a presumably clearer outline of his claims in this matter. While this contention has some merit, it essentially pertains to litigation strategy issues and introduces pure speculation with respect to supposed advantages concerning the order and necessity of deposition witnesses. Indeed, respondents suggestion could arguably result in far broader range of permissible inquiry. Respondents' request that depositions be deferred until plaintiff has been deposed is therefore denied.

4