UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

C. Earl Grant,                                               Civil No. 99-66 DSD/AJB

              Plaintiff,

v.                                                           **REPORT AND RECOMMENDATION**
                                                        **ON MOTION TO DISMISS**

Gerald S. Golden and National Board
of Medical Examiners,

              Defendants.

The matter came before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion for dismissal of the action as sanction for plaintiff's failure to respond to discovery and noncompliance with a previous court order on discovery. Hearing was held on October 27, 2000, at the United States Courthouse, 316 No. Robert St., St. Paul, Minnesota 55101. Janie S. Mayeron, Esq., appeared on behalf of the defendants. Kenneth W. Saffold, Esq., appeared on behalf of the plaintiff.

      Based upon the file, submissions of parties, and arguments and representations of counsel, **IT IS HEREBY RECOMMENDED** that defendants' Motion for Sanction of Dismissal with prejudice be **granted in part and denied in part** [Docket No. 74]. It is recommended that plaintiff's complaint be dismissed without prejudice to plaintiff's right and ability to re-commence this action against the defendants by re-filing and re-service of the complaint. As a condition for effective service of a new complaint against defendants in this matter, it is required that plaintiff have paid all monetary sanctions that are imposed in this case, to include $750.00 pursuant to Order dated June 15, 2000, and the additional amount of $3000.00

FILED NOV 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

as reasonable attorneys fees and expenses incurred in bringing the present motion to dismiss. Fed. R. Civ. P. 41(b). The $750.00 sanction pursuant to the June 15, 2000, Order has already been imposed and payment is required without respect to whether plaintiff files a later action.

Dated: 11/7/00

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

Plaintiff was previously assessed $750.00 as sanction for causing defendant to incur attorneys fees and expenses in bringing a discovery motion. The Court's Order dated June 15, 2000, explicitly advised plaintiff that failure to timely comply with the Order may result in imposition of additional sanctions, including but not limited to dismissal of the action. Plaintiff has not paid the sanction and has not responded to discovery as required by the June 15, 2000, Order. Furthermore, in response to the present motion to dismiss, plaintiff does not contend that the discovery has since been provided but simply argues against dismissal and seeks an amended order on discovery. Under the circumstances, the defendants' motion to dismiss is a proper procedural action which is necessitated by plaintiff's failure to comply with discovery obligations under the Rules of Civil Procedure and prior court order. The Court finds that $3,000.00 is a reasonable amount to assess plaintiff as sanction for causing defendants to bring the motion to dismiss, and which should be payable by plaintiff as a condition to further proceeding on the claims alleged in this case. Dismissal without prejudice does not preclude plaintiff from

prosecuting his claims in this case, but in the event that plaintiff elects to go forward on his allegations, in this Court or elsewhere, the motion to dismiss will have been rendered ineffective as a sanction and the $3000.00 penalty will provide the appropriate sanction for plaintiff's dilatory conduct which necessitated the motion to dismiss.

      Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before November 18, 2000.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.